Submitted September 17, 2009, reversed and remanded May 12, 2010

Michael H. HULL,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Qwest Corporation,
*Respondents.*

Employment Appeals Board
08AB1461; A139980

230 P3d 971

Brian L. Pocock filed the brief for petitioner.

Denise G. Fjordbeck waived appearance for respondent Employment Department.

No appearance for respondent Qwest Corporation.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.*

WOLLHEIM, P. J.

---

* Brewer, C. J., *vice* Edmonds, P. J.

### WOLLHEIM, P. J.

Claimant petitions for review of an Employment Appeals Board (EAB) order denying his claim for unemployment benefits on the ground that he voluntarily left work without good cause.[1] ORS 657.176(2)(c). He argues that the EAB erred because ORS 657.176(11) provides an exception to the general rule that an individual who voluntarily leaves work is disqualified from receiving unemployment benefits when, among other things, that individual volunteers to be laid off after the employer has decided to lay off employees. Because we conclude that the EAB's determination that claimant did not qualify for the ORS 657.176(11) exception is unsupported by substantial reason, *see Drew v. PSRB*, 322 Or 491, 500-01, 909 P2d 1211 (1996) (describing substantial reasons rule), we reverse and remand.

For context, we pause to describe ORS 657.176(2)(c) and (11). ORS 657.176(2)(c) disqualifies an individual from receiving unemployment benefits if he or she "[v]oluntarily left work without good cause." ORS 657.176(11) provides an exception to that general rule:

"An individual may not be disqualified from receiving benefits under subsection (2)(c) of this section and shall be deemed laid off if the individual:

"(a)   Works under a collective bargaining agreement;

"(b)   Elects to be laid off when the employer has decided to lay off employees; and

"(c)   Is placed on the referral list under the collective bargaining agreement."

With ORS 657.176(2)(c) and (11) in mind, we turn to the undisputed facts of this case, which we take from the EAB findings:

"(1)   * * * At the time of his separation from work, claimant worked for [employer] as a network technician.

"(2)   The employer decided to reduce the work force in targeted titles and locations. The employer joined with

---

[1] Neither the employer nor the Employment Department appeared in this court.

claimant's union to offer a voluntary separation payment program (VSPP) that provided for enhanced benefits. The enhanced offer included all of the contractual provisions of the voluntary separation payment program discussed in the agreement between claimant's union and the employer, plus a 25 percent premium in the standard voluntary separation severance payment ($1,375 per year of service to a maximum of $48,125), recall rights for individuals who participated in the enhanced VSPP and a surplus transitional leave of absence option.

"(3) In claimant's department, the employer had determined that, if one person did not elect to leave under the VSPP, the person with the least seniority would be laid off. Claimant had worked for the employer for approximately 35 years. He had seniority and would not be the person laid off in his department if he did not elect to accept the VSPP.

"(4) Claimant accepted the VSPP and left the employer's payroll in accordance with the VSPP schedule on April 3, 2008. Claimant was placed on a recall list. He believes that all of the other 50 employees who accepted the VSPP package qualified to receive unemployment insurance benefits."

Based on those factual findings, the EAB concluded that claimant was disqualified from receiving unemployment benefits because he left work without good cause. ORS 657.176(2)(c). Further, the EAB concluded that "[t]he record does not establish that the employer had reached the point that it had 'decided to lay off' employees as called for in ORS 657.176(11)(b)." The EAB reasoned that employer had not yet decided to lay off employees because (1) employer specified that one employee would be laid off in claimant's department, but a layoff would only occur if no employee in claimant's department accepted the VSPP offer; (2) claimant testified that employer offered the VSPP to avoid terminating the employment of a contract worker before terminating a union member as required by the collective bargaining agreement; and (3) employer did not lay off any employees after the VSPP ended. That reasoning conflicts with the EAB's express findings.

ORS 657.176(11)(b) applies when an employer has decided to lay off employees, but it does not require that an employer has decided to lay off more employees than those who volunteer. The EAB found that, "[i]n claimant's department, the employer had determined that, if one person did not elect to leave under the VSPP, the person with the least seniority would be laid off." That finding establishes that employer would not lay off any other employees after claimant accepted the VSPP. Thus, the first and third reasons the EAB gave for concluding that employer had not yet decided to lay off employees conflict with the EAB's findings.

Moreover, the EAB's second reason to support its conclusion, that "[c]laimant testified that the employer was attempting to avoid forced layoffs because it did not want to have to eliminate all of its contract employees," also conflicts with the EAB's findings. Employer offered the VSPP to solicit volunteers to be laid off. Contrary to the EAB's reasoning that employer was trying to avoid its obligation to terminate contract employees, and thus had not yet decided to lay off employees, the EAB found that "employer had determined that, if one person did not elect to leave under the VSPP, the person with the least seniority would be laid off."

The EAB erred in denying claimant unemployment benefits. Its conclusion that claimant did not qualify for the exception under ORS 657.176(11) because employer had not decided to lay off workers is not supported by substantial reason.

Reversed and remanded.